# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2276 | **DATE** | 10/6/2010 |
| **CASE TITLE** | Gateway Systems vs. Chesapeake Systems | | |

**DOCKET ENTRY TEXT**

Gateway Web's motion (Docket No. 102) seeking to compel Chesapeake to pay past due licensing fees to Gateway Web is denied. Chesapeake's motion (Docket No. 104) to amend the protective order entered in this case is granted. Gateway entities' ("Gateway"'s) joint motion (Docket No. 109) for a protective order limiting the scope of discovery is granted in part and denied in part.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

     Before me are three motions: Gateway Web's motion (Docket No. 102) seeking to compel Chesapeake to pay past due licensing fees to Gateway Web; Chesapeake's motion (Docket No. 104) to amend the protective order entered in this case; and the Gateway entities' ("Gateway"'s) joint motion (Docket No. 109) for a protective order limiting the scope of discovery.
     The first of these motions is denied for the reasons that have been stated in open court: while there is no question that Chesapeake owes the past due licensing fees to some entity, there is an ongoing dispute as to which entity should be paid. Until this dispute is resolved, Chesapeake must continue to pay licensing fees to an escrow account.
     The second motion, which seeks to amend the protective order to allow for a limited, "Attorneys' Eyes Only" designation, is granted. As I stated in open court, the parties may, for now, designate limited, specific information about prospective customers as Attorneys's Eyes Only. There may come a time that this designation must be removed, but the amended protective order Chesapeake proposes reflects my decision as stated in court.

     The third motion is resolved as follows: To the extent the motion seeks to prevent Chesapeake from obtaining Gateway's distribution agreements with other distributors that contain "best efforts" clauses; and agreements with customers and licensees of Gateway's software, and payments to Gateway under those agreements, the motion is denied. I agree that Chesapeake is entitled to this information to defend itself against the claim that it did not use best efforts pursuant to the parties' agreement.
     Chesapeake's requests numbered 33 and 36, which seek information about Gateway's trade show materials and the development and marketing of the "reconciliation module" are also allowed. These requests may indeed be broader than necessary, but Gateway is not entitled to refuse discovery entirely, and it does not appear that Gateway has offered to produce any documents in this category.

# STATEMENT

To the extent Chesapeake seeks, for the period of 2003 to present, Gateway's correspondence with customers or licensees of the Gateway software concerning issues of software performance, service or maintenance issues, or complaints about a lack of functionality or features, the motion is denied. The issue of end-user dissatisfaction is relevant to the case in several respects, in particular to Gateway's claim that it is entitled to enter into direct relationships with Chesapeake's customers if those customers are dissatisfied with Chesapeake's service, as well as to Chesapeake's argument that the software was not functional as promised.

To the extent the motion seeks to prevent discovery of information about the organization and operation of the Gateway entities, the flow of funds between and among the entities, and the formation and operation of G Treasury, the motion is denied. Chesapeake is entitled to the financial statements and tax returns requested in requests numbered 6 and 7. The relationship between the various entities is obviously relevant, as illustrated by the issue with payment of past due licensing fees.

In response to Chesapeake's request for documents reflecting the cost of development of the software at issue in this case, Gateway has represented that it does not intend to use development costs as a basis for damages. Since Chesapeake does not contend that these documents are relevant to any issue but damages, Gateway's motion is granted as to this item, based on its representation. Of course, Gateway may not rely on these documents for any purpose if it declines to produce them.

Finally, Chesapeake is entitled to documents and correspondence that refer to three Chesapeake individuals – Vogelberger, Tanner, and Hennessee (or possibly Henningsen - the name of this employee appears inconsistently in the parties' submissions). Gateway does not appear to dispute that it has relevant documents responsive to this request but argues that it would be unduly burdensome to produce them. Gateway also complains about the breadth of the request (although I fail to understand its statement that the request seeks "almost all documents exchanged between the parties over the course of seven years." I understand this request to seek documents whose text refers to the named individuals – certainly this is not the case for all of the parties' correspondence); but rather than agree to produce some reasonably limited subset of documents, Gateway inappropriately refuses to produce anything.

To the extent the motion seeks to prevent Chesapeake from addressing certain topics during the 30(b)(6) deposition that has already taken place, I understand it to be moot as to any questions that were actually answered. As to any questions Gateway's 30(b)(6) witness refused to answer on the grounds raised in Gateway's motion, Chesapeake is entitled to re-depose this witness (and any others who may have done the same in the interim). Moreover, to the extent future depositions are at issue, Chesapeake may proceed to question witnesses on the topics identified. Gateway's statement that the proposed topics "suffer[] from the same defects as the other discovery mentioned above" is an insufficient basis for granting its motion.

Although Gateway's motion addresses additional items sought in Chesapeake's original discovery requests, Chesapeake has represented that it has agreed not to pursue a number of these items for the time being. Accordingly, I understand the foregoing to resolve all of the parties' live discovery disputes.